UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 10-cv-01929 SRN/JJK

| | |
|---|---|
| Justin Anderson, Evan Schendel, and Brian Lavergne, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Timothy Nelson & Rod Raymond d/b/a Burrito Union and Just Take Action, Inc., a Minnesota Corporation<br><br>        Defendants,<br><br>v.<br><br>Action Systems, Inc., a Delaware corporation, and Tom Diedrich, Individually and d/b/a Hospitality Solutions Duluth,<br><br>        Third- Party Defendants. | **ORDER FOR FINAL JUDGMENT** |

Thomas J. Lyons, Sr., Lyons Law Firm, P.A., 367 Commerce Court, Vadnais Heights, Minnesota 55127, for Plaintiffs

Joseph J. Mihalek, Fryberger, Buchanan, Smith & Frederick, P.A., 302 West Superior Street, Suite 700, Duluth, Minnesota 55802, for Defendants/Third-Party Plaintiffs Timothy Nelson, Rod Raymond and Just Take Action, Inc.

Judith Mlinar Seeberger, Reding & Pilney, 8661 Eagle Point Boulevard, Lake Elmo, Minnesota 55042, for Third-Party Defendant Tom Diedrich

_____

The counsel noted above appeared before the Court on January 20, 2012, on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plaintiffs' Request for Attorneys' Fees and Costs and Plaintiffs' Representative Awards [Doc. No. 92].

Plaintiffs Justin Anderson, Evan Schendel, and Brian Lavergne and Defendants Just Take Action, Inc., doing business as Burrito Union ("JTA"), and Rod Raymond and Timothy Nelson, officers and directors of JTA (collectively, JTA, Raymond and Nelson are referred to as "Defendants"); and Action Systems, Inc. ("ASI") and Tom Diedrich, individually and doing business as Hospitality Solutions Duluth ("Diedrich" or "HSD") (collectively, ASI, Diedrich and HSD are referred to as "Third Party Defendants") in the above-captioned class action (the "Action") entered into a Class Settlement Agreement dated September 7, 2011 (the "Agreement").

On September 14, 2011, the Court entered an Order Preliminarily Approving Class Action Settlement ("Preliminary Approval Order") [Doc. No. 89], which: 1) preliminarily approved the Settlement; 2) for purposes of the Settlement, certified plaintiffs class to form the Burrito Union Settlement Class; 3) approved the form and method of notice of the Settlement to members of the Burrito Union Settlement Class; 4) directed that appropriate notice of the Settlement be given to the Burrito Union Settlement Class; and 5) set a hearing date for final approval.

In its Preliminary Approval Order, the Court defined the Burrito Union Settlement Class as follows:

> All customers who used a credit or debit card at the Burrito Union restaurant in Duluth Minnesota, between September 23, 2008 and November 30, 2009, and received a printed transaction receipt which displayed more than the last five digits of the card number and/or the card's expiration date.

(Doc. No. 89 at 2-3.)

Notice of Settlement was published one time in the Duluth News Tribune and twice in the University of Minnesota Duluth Statesman and was posted on the JTA webpage www.burritounion.com.

 0  Class Members have chosen to be excluded from the Burrito Union Settlement Class by filing timely Statements of Exclusion.

The Court having heard arguments of counsel for the parties and of such persons as chose to appear at the Settlement Hearing, having reviewed all materials submitted, having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised,

      **THE COURT HEREBY FINDS AND CONCLUDES** that:

A.    This Court has personal jurisdiction over Plaintiffs, Defendants, and the Class Members and subject matter jurisdiction over the Action and the Settlement.

B.    The provisions of the Preliminary Approval Order that conditionally certified the Burrito Union Settlement Class should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure Section 23(e) for the purposes of implementing the terms provided for in the Settlement.

C.    The Preliminary Approval Order required Defendants to file a declaration of compliance with the notice provisions of that Order.  Pursuant to the Preliminary Approval Order, Defendants have filed the required declaration.

D.    The form, content, and method of dissemination of the notice given to the Burrito Union Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.  The notice, as given, complied with the requirements of

Rule 23 of the Federal Rules, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

E.   The Settlement set forth in the Class Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Burrito Union Settlement Class.

F.   Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

G.   All objections to the Settlement are found to be without merit and are overruled.

H.   Plaintiffs and all Class Members (except those who timely filed Statements of Exclusion), all and each of them, are hereby bound by the terms of the Settlement set forth in the Class Settlement Agreement.

I.   The provisions of the Class Settlement Agreement, including definitions of the terms used therein, are hereby incorporated by references as though fully stated herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1.   The Settlement set forth in the Class Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Burrito Union Settlement Class, and it shall be consummated in accordance with the terms and provisions of the Class Settlement Agreement. Upon the Settlement becoming effective, as defined in the Agreement, Burrito Union will provide the relief to the Class Members in the manner and at the times provided for in the Agreement.

2. Judgment shall be, and hereby is, entered dismissing all claims that were or could have been asserted in this action by Plaintiffs and the Class Members with prejudice, on the merits, and without taxation of costs in favor of or against any party.

3. Plaintiffs and all Class Members are hereby conclusively deemed to have forever released, relieved, discharged, covenanted not to sue or proceed in any way against, and consent to be enjoined from suing Just Take Action, Inc., d/b/a Burrito Union and its officers, directors, insurers, agents, employees, representatives, attorneys, shareholders, parent corporations, subsidiaries and assigns, and against Rod Raymond and Timothy Nelson and each of their heirs, assigns and successors ("Released Parties"), that accrued at any time on or prior to the date the Court grants final approval of the Settlement, for any type of relief, including, without limitations, damages, unpaid costs, penalties, liquidated damages, statutory damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way relating to the publication of cardholder account information on a receipt, including but not limited to printing of more than the last five digits of the cardholder's account number *and/or* the expiration date upon a receipt provided to the cardholder at the point of sale or transaction prior to the date of this agreement (collectively, "Released Claims").

4. Solely with respect to Settled Claims, Plaintiffs and all Class Members are hereby adjudged to have expressly waived or relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any statute or law which might otherwise render a release unenforceable with respect to the Settled Claims.

5. Plaintiffs and all Class Members in the Burrito Union Settlement Class are hereby barred and permanently enjoined from instituting, asserting or prosecuting, either

5

directly, representatively, derivatively or in any other capacity, any and all claims which they or any of them had or may have against the Released Parties, or any of them, arising out of, based upon, or otherwise related to the Settled Claims described above.

6.  The Court hereby decrees that neither the Class Settlement Agreement nor this final judgment nor the fact of the Settlement is an admission or concession by the Released Parties, or any of them, of any of them, of any liability or wrongdoing.  This final judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.

7.  The parties to the Class Settlement Agreement, and their agents, employees, and attorneys, shall not be liable for anything done or omitted in connection with these proceedings, the entry of this final judgment, or the administration of the credit vouchers to Class Members, except for their own willful misconduct.

8.  Class Counsel are awarded attorney's fees and reimbursement of expenses, costs, and disbursements in the Action collectively in the amount of $50,000.  The Plaintiffs, as class representatives, are awarded the total amount of $5,000 for reimbursement of their time, risk, and contributions made toward securing the benefits for the Class Members.  Such amounts as awarded shall be paid within 10 business days of the date that the final judgment becomes effective, as defined in the Class Settlement Agreement.

9.  The Court hereby retains and reserves jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Class Settlement Agreement and this Order for Final Judgment.

10. In the event that this judgment does not become "Final" in accordance with paragraph 25 of the Class Settlemnt Agreement, then the judgment shall be rendered null

and void to the extent provided by and in accordance with the Class Settlement Agreement, and this Order for Final Judgment shall be vacated. In such event, all orders entered in connection with the Settlement shall be null and void. In such event, the Action shall return to its status prior to execution of the Class Settlement Agreement.

11. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plaintiffs' Request for Attorneys' Fees and Costs and Plaintiffs' Representative Awards [Doc. No. 92] is **GRANTED**, consistent with this Order.

**BY THE COURT:**

Dated: January 20, 2012.   s/Susan Richard Nelson
　　　　　　　　　　　　　　Susan Richard Nelson
　　　　　　　　　　　　　　United States District Judge